In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-1626

THOMAS ANDERSON, *et al.*,

*Plaintiffs-Appellants*,

*v.*

UNITED AIRLINES, INC., *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 23 C 989 — **Matthew F. Kennelly**, *Judge*.

ARGUED NOVEMBER 14, 2024 — DECIDED JUNE 9, 2025

Before JACKSON-AKIWUMI, PRYOR, and MALDONADO, *Circuit Judges*.

PRYOR, *Circuit Judge*. Plaintiffs are employees of United Airlines, Inc., including pilots, flight attendants, ramp service workers, mechanics, technicians, and customer service representatives. They challenge United's COVID-19 vaccination mandate and masking requirement issued in 2021. The district court dismissed Plaintiffs' claims with prejudice after

finding Plaintiffs had not stated any viable claim for relief despite sufficient opportunity to do so. We affirm.

## I. BACKGROUND

**A. Factual Background**

For the purposes of this appeal, we accept as true the facts alleged by Plaintiffs. *Bronson v. Ann & Robert H. Lurie Child.'s Hosp. of Chi.*, 69 F.4th 437, 441 (7th Cir. 2023).

On August 6, 2021, United announced it would require employees to receive vaccination for COVID-19. It created an online system for employees to request religious or medical exemptions from the vaccination requirement. It required employees to submit exemption requests online by August 31, 2021. Employees who were not exempt from the requirement were expected to receive their first dose of the COVID-19 vaccine by September 27, 2021.

United also required employees to provide proof of vaccination by uploading a copy of their vaccination record to United's employee database. In early September, United sent postcards to employees who had not yet provided proof. The postcard stated, "Our records indicate that you have not uploaded your COVID-19 vaccine information," and further instructed that "unvaccinated employees without a reasonable accommodation will be separated from United." Plaintiffs were among the employees to receive these postcards.

On September 30, 2021, United announced a new mask policy, pursuant to which unvaccinated employees—including those who sought an exemption—were required to wear KN95 or N95 masks.

Plaintiffs allege that despite having submitted or "attempted to submit" religious accommodation requests, United either fired them, placed them on unpaid leave, or otherwise harmed their careers by subjecting them to a hostile work environment. For example, plaintiff Thomas Anderson alleges that he was "constructively discharged" due to his exercise of his religious accommodation. Plaintiff Paul Rozell alleges that he was terminated for not receiving the COVID-19 vaccine despite trying to apply for a religious accommodation. Rozell alleges he missed United's deadline for accommodation requests because he was out of town. For most of the remaining plaintiffs, however, the complaint fails to provide individualized allegations regarding their circumstances.

### B. Procedural Background

Plaintiffs brought federal and state law claims against United and more than two dozen of its executives, officers, and board members. Defendants moved to dismiss for failure to state a claim, and the district court granted Plaintiffs an extension to file a response. Plaintiffs did not respond but instead filed a proposed amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a), the district court construed the amended complaint as a motion for leave to file an amended complaint.

After briefing from the parties, the district court denied the motion. In so doing, it addressed each of Plaintiffs' twelve claims. With respect to many of those claims, the court found dispositive Plaintiffs' failure to respond to substantive arguments offered by United. For other claims, however, it identified deficiencies in the proposed amended complaint that needed to be corrected to adequately state a claim. It afforded Plaintiffs additional time to file a new proposed amended

complaint and instructed that failure to do so would warrant entry of judgment for United.

Plaintiffs filed a second proposed amended complaint which the district court again construed as a motion for leave to amend. Following another round of briefing, the district court denied the motion as futile. Reasoning that Plaintiffs "had sufficient opportunities to attempt to state viable claims" but "failed to do so," the court dismissed the action with prejudice. Plaintiffs appeal.

## II. DISCUSSION

District courts should afford a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). However, a district court may deny a motion for leave to amend "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (internal quotation marks and citation omitted). "Where a plaintiff repeatedly fails to cure deficiencies, the district court enjoys 'broad discretion' to deny leave to amend." *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 520 (7th Cir. 2024) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

"Generally, denials of leave to amend are reviewed for abuse of discretion." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015). But where a district court denies a motion for leave to amend as futile, our review is de novo, and we ask whether the proposed amended complaint would fail to state a claim. *Id*. "Accordingly, our review for abuse of discretion of futility-based

No. 24-1626 5

denials includes *de novo* review of the legal basis for the futility." *Id.*

On appeal, Plaintiffs argue the district court's dismissal was in error because their proposed second amended complaint adequately stated a claim for (1) violation of the Federal Food, Drug, and Cosmetic Act (FDCA); (2) invasion of privacy under Illinois law; (3) negligence under Illinois law; (4) violation of the Illinois Whistleblower Act; and (5) multiple violations of Title VII.[1]

### A. FDCA, Invasion of Privacy, and Negligence Claims

The district court rejected Plaintiffs' FDCA, invasion of privacy, and negligence claims on multiple grounds, including forfeiture. Specifically, in regard to Plaintiffs' FDCA claim, the court held that Plaintiffs had forfeited their right to continue litigating the FDCA claim because they failed to respond in the first round of briefing to United's argument that the FDCA contained no private right of action. The district court similarly found Plaintiffs' invasion of privacy and negligence claims forfeited because Plaintiffs had failed to respond in the earlier round of briefing to United's arguments

---

[1] Plaintiffs' briefing on appeal does not substantively discuss their other claims, including for intentional and negligent infliction of emotional distress under Illinois law, violations of the United States Constitution under 42 U.S.C. § 1983 and *Bivens*, and violations of the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff-1(a). Although Plaintiffs embed cursory references to constitutional law within their discussion of non-constitutional claims, these references do not qualify as cognizable legal arguments. *Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020); *Lekas v. Briley*, 405 F.3d 602, 614 n.8 (7th Cir. 2005). We therefore find waived Plaintiffs' emotional distress, constitutional, and GINA claims.

that its postcards and mask mandate did not publicly disclose any private fact.

Plaintiffs do not engage with the district court's findings of forfeiture, despite forfeiture being an independent basis on which the district court rejected Plaintiffs' claims. Where a party "lose[s] in the district court on multiple grounds," such as "forfeiture and the merits," that party "must contest all on appeal; prevailing on one won't suffice." *United States v. Boliaux*, 915 F.3d 493, 496 (7th Cir. 2019); *see also Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018). Because forfeiture went unaddressed on appeal, and because forfeiture was an independent ground on which the district court rejected Plaintiffs' FDCA, invasion of privacy, and negligence claims, we find Plaintiffs have waived their ability to appeal these claims.

### B. Illinois Whistleblower Act Claim

The Illinois Whistleblower Act prohibits an employer from "retaliat[ing] against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 574 (7th Cir. 2022) (quoting 740 ILL. COMP. STAT. ANN. 174/20 (2009)).

Plaintiffs' proposed amended complaint alleges that United retaliated against pilots who refused the COVID-19 vaccine and appears to suggest that any pilot who received a COVID-19 vaccine would be participating in an illegal act under 14 C.F.R. § 61.53. That regulatory provision prohibits a person from "act[ing] as pilot in command" when, among other things, the person knows of "any medical condition that would make the person unable to meet the requirements for

the medical certificate necessary for the pilot operation." 14 C.F.R. § 61.53(a)(1).

The district court correctly concluded Plaintiffs did not state a claim pursuant to this theory. Neither Plaintiffs' proposed amended complaint nor briefing on appeal shows how receipt of a COVID-19 vaccine would render the recipient unable to qualify for "the medical certificate necessary for [] pilot operation." *Id*.

We also acknowledge that Plaintiffs alternatively sought to support their Whistleblower Act claim with allegations relating to Title VII. However, the district court found forfeited any argument that the Whistleblower Act claim could be based on Title VII, as Plaintiffs' briefing in support of their proposed amended complaint did not discuss this theory at all. Because Plaintiffs' appeal does not engage with the district court's finding of forfeiture, we affirm the reasoning of the district court. *See Boliaux*, 915 F.3d at 496.

### C. Title VII Claims

Plaintiffs' remaining three claims on appeal were brought under Title VII, 42 U.S.C. § 2000e-2. These claims allege a failure to accommodate religious beliefs, disparate treatment based on religion, and a hostile work environment based on religion. The district court dismissed each claim because Plaintiffs did not show that any plaintiff had received a right-to-sue letter from the U.S. Equal Employment Opportunity Commission (EEOC), which is a prerequisite to a lawsuit under Title VII; and, alternatively, because Plaintiffs did not adequately plead any Title VII claim.

Plaintiffs offer a broad statement on appeal that, except for one plaintiff, each plaintiff has either received a right-to-sue

letter or is "currently in the process of receiving it." In the alternative, they argue they should be excused from this exhaustion requirement because their case raises constitutional questions and because of the stress they incurred from the underlying events in this lawsuit.

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *see also Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (obtaining a right-to-sue letter is a "prerequisite[] for bringing a Title VII claim"). A "complaint may be deficient and subject to dismissal if the plaintiff lacks a right-to-sue letter." *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001).

Neither Plaintiffs' proposed amended complaint nor appellate briefing reflect that any specific plaintiff obtained a right to sue letter. Moreover, Plaintiffs do not provide authority to support the proposition that a plaintiff may proceed with a Title VII action by offering a blanket assertion that they are "in the process of receiving" right-to-sue letters, or that latent constitutional issues and stress incurred in litigation are valid grounds for overlooking the absence of a right-to-sue letter. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (instructing that courts must strictly enforce "[p]rocedural requirements established by Congress for gaining access to the federal courts"). And while we acknowledge that receipt of a right-to-sue letter prior to the district court's dismissal of a case may "cure[] any deficiency in the original complaint," *Worth*, 276 F.3d at 259, Plaintiffs likewise do not show that they received right-to-sue letters prior to the district court's dismissal of this case.

Because we affirm on the issue of exhaustion, we need not reach the district court's alternate grounds for dismissing Plaintiffs' Title VII claims.

### III. CONCLUSION

We agree with the district court that Plaintiffs' claims are either improperly preserved or inadequately pled. We further find the district court did not err in declining to afford Plaintiffs an additional opportunity to file a proposed amended complaint, as Plaintiffs do not "identify how [they] would cure defects in [their] complaint." *Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*, 895 F.3d 933, 942 (7th Cir. 2018). For these reasons, we AFFIRM.